## WRIGGLESWORTH v. THE PRESIDENT AND DIRECTORS OF THE BANK OF THE STATE OF ALABAMA.

1. A party engaged by the Bank, as an agent, at five dollars per day, during the period of his employment, cannot recover, by notice and motion, under the eighteenth section of the act of incorporation, for the time he "was ready, willing and consenting, to act as such agent," and before he had notice that his services were no longer required. Such a contract sounds in damages, and its breach can only be redressed by the appropriate action.

THE plaintiff in error, caused to be issued against the defendants, a notice, of which a copy is set out below, viz:

"THE STATE OF ALABAMA, TUSCALOOSA COUNTY. In the County Court, July Term, 1839. To the President and Directors of the Bank of the State of Alabama. Gentlemen: You will please to take notice, that on the third Monday in July next, at a term of the County Court of the county of Tuscaloosa, to be held in and for said county, at the court-house thereof, on the said third Monday in July next, I shall move for judgment against you, as President and Directors of the Bank of the State of Alabama, for the sum of one thousand four hundred and five dollars, due to me as a debt really and *bona fide,* the indebtedness of the Bank of the State of Alabama, upon a contract, made on or about the 25th April, 1838, whereby, in consideration that I would act as the agent of the said Bank of the State of Alabama, the President and Directors of the Bank of the State of Alabama, undertook, promised and agreed, to and for, the said Bank of the State of Alabama, to pay me the full sum of five dollars *per day,* for every day during which I should be employed as such agent, as aforesaid, and I aver that I was ready, willing, and consenting, to act as such agent as aforesaid, for the space of two hundred and eighty one days; and did, for that space of time, remain subject to the order and service of the said Bank of the

State of Alabama, deprived of all opportunity and liberty to perform any other service, for any other person or persons, and prevented by said contract and agreement with said Bank of the State of Alabama, through the President and Directors of said Bank, from pursuing any other vocation or business whatever, to my damage of one thousand four hundred and five dollars. Nevertheless, the said President and Directors of the Bank of the State of Alabama, without any just or reasonable cause, prevented me from acting as the agent as aforesaid, after delaying and hindering me for the space of two hundred and eighty one days, and keeping me attending upon them for that space of time, paying large sums of money, to wit: the sum of one thousand four hundred and five dollars, for expenses of myself and a horse, to be used in the service of the said Bank as aforesaid, during the said two hundred and eighty one days, as aforesaid: all which is the *bona fide* debt of the Bank of the State of Alabama, and for which, I will seek a recovery as aforesaid.

BENJAMIN WRIGGLESWORTH,<br>By Porter, his Attorney."

The foregoing notice being duly executed on the President and Directors of the Bank, the attorney of the defendants, appeared at the return thereof, and moved the County Court that the same be quashed; which motion was granted, and a judgment for costs rendered against the plaintiff. To revise the judgment of the County Court, a writ of error has been prosecuted to this Court.

B. F. PORTER, for the plaintiff.
J. D. PHELAN, for the defendant.

COLLIER, C. J.—By the fourth section of the article of the constitution, relating to Banks, it is provided, that the remedy for collecting debts shall be reciprocal, for and against the Bank. The eighteenth section of the charter of the Bank of the State of Alabama, which was framed in reference to this constitutional provision, enacts "If any person or persons, shall be indebted to said corporation, as maker or endorser of any note, bill, or bond,

expressly made negotiable and payable, at said Bank, and shall delay payment thereof, it shall be lawful for the President of the Bank, after having given thirty days notice thereof, to move the Circuit Court of the county, where said Bank may be established, on producing to said court, before whom the said motion is made, the certificate of the President of the Bank, that the debt is really and *bona fide*, the property of the said Bank, for judgment. And all debts due by the said Bank, by bond, bill, note, or otherwise, to any individual, or body corporate, may be sued for, and recovered in like manner." The twenty sixth section, which is an amendment of the charter, gives to the County Court of the county in which the Bank is established, concurrent jurisdiction with the Circuit Court, for the recovery of debts, for and against the Bank, in the manner prescribed by the eighteenth section. (Aik. Dig. 61—2.)

The correctness of the judgment of the County Court must depend upon the construction to be placed upon the last member of the eighteenth section. That it was the object of the entire section, to provide a reciprocity of remedy, for and against the Bank, we think cannot be questioned. The Bank is authorized to proceed by notice, and motion, upon a bill, note, or bond, or the endorsement of either of them. These are the *ordinary* securities, in which it deals, and by which an engagement to pay money, is evidenced. If the Bank enters into a contract, to collect bills of exchange, or to perform any other duty or service, within the scope of its power, redress for a breach, can only be obtained by suit, prosecuted according to the ordinary forms of law. In such case, there would be no undertaking, either mediate or immediate, to pay money; but the liability would result from a failure, on the part of the Bank, to perform its contract.

The latter part of the section, gives to the creditor of the Bank, a summary remedy, on all debts due by the Bank, by "bond, bill, note, or otherwise." We cannot think that the terms "or otherwise," were intended to subject the bank, to the proceeding, by notice and motion, upon every liability it might

incur, under a contract. In this, there would be no reciprocity; as the Bank may enter into contracts, for the breach of which, it would be compelled to proceed by action. Thus, suppose the Bank to enter into a contract with a workman, to build, and the work is not done; or suppose the plaintiff, in the case at bar, had refused to perform his engagement; in neither case could a breach have been redressed under this section.

The words "or otherwise," were doubtless, introduced *ex majore cautela*, and from a desire to make the remedy co-extensive, for and against the Bank. Now, as endorsers are *expressly* made liable, summarily, to the Bank, these general words may, with propriety, have been intended to embrace an endorsement by the Bank: or the terms, "bill or note," may have been supposed to mean, an ordinary bill of exchange, or promissory note, and not the *paper currency* of the Bank: in either of these cases, we discover, if not a real necessity, yet a plausible pretext, for using the words "or otherwise."

The plaintiff does not show, by his notice, that the Bank owes him, what, in technical language, is called a *debt;* but he merely alleges, that the Bank, after having employed him as its agent, at an agreed price for each day he might act in its service, refused to give him employment in that capacity, without notifying him, for the space of two hundred and eighty one days, of the withdrawal of his appointment, during all which time, he held himself in readiness to serve the Bank. Here is a clear case of a contract, sounding in damages, the breach of which, can only be redressed by the appropriate action. There is, then, no error in quashing the notice, and rendering a judgment against the plaintiff, for costs. We lay no stress upon the rule of interpretation, which requires statutes, giving a summary remedy, to be strictly construed, because we think the case does not require its aid.

Let the judgment of the County Court be affirmed.