## STONE v. GOVER.

1. Where the vendee gives his bill single, payable at a day certain, for the price agreed to be paid for a tract of land, and the vendor agrees to convey title to the land sold, within a reasonable time; it is no defence at law, to an action on the bill, that the vendor has failed and refused to convey.
2. The breach of the vendor's stipulation to convey, does not necessarily rescind the contract of sale. The vendee can either enforce a specific performance in equity, or sue at law for the damages sustained.
3. An agreement to convey title to land, within a reasonable time after the sale, is not a condition precedent; nor is it necessary to be performed, to enable the vendor to sustain an action on a bill single, given for the purchase money, payable on a day certain.
4. If the vendee receives and retains the possession of lands sold, he will not, at law, be permitted to set up a fraud in the sale, as a defence to an action on a bill single, given for the purchase money.
5. Whether fraud is a defence, at law, to an action for the price agreed to be paid on the purchase of lands, which have been *conveyed* by the vendor, is yet an open question in this State.
6. If a defendant pleads *non assumpsit* to an action of debt, on a bill single, and issue is joined, he will not be permitted to urge this mis-pleading, to avoid the judgment.
7. When the declaration alleges the instrument sued on, to have been made by two persons, one of whom only is before the court as a party, it is unnecessary to prove the execution of the instrument, by the one who is not sued.

Writ of error to the Circuit Court of Talladega County.

ACTION of debt on a bill single, executed by George W. & Isaac Stone, dated 4th January, 1836, payable on or before the 1st January, 1837. Suit was instituted against both obligors, but was afterwards discontinued as to George W. Stone, who was not served with process.

Pleas 1. That the bill single, was made and delivered, in consideration that the plaintiff would convey, within a reasonable time thereafter, the title to a certain tract of land, to the said George W. Stone; the defendant avers, that the said reasonable

time has long since elapsed, and that the said plaintiff has failed and refused to make such conveyance; wherefore, the consideration for which the bill single was made, has wholly failed.

2d. That the bill single, was executed by the defendant in consideration, that the plaintiff at the same time, had made sale of a certain tract of land, of which the defendant then received the possession, which he has ever since retained; that at the sale of the said tract of land, the plaintiff represented and declared to the defendant, that he had a good and sufficient title to the land, when in fact, he then had no right or title, nor had he at the time of pleading, any right or title to the same; and that the plaintiff had full knowledge of his want of title, when he made the said representation to the defendant, and so he says that the plaintiff defrauded him.

3d. *Non assumpsit.*

The plaintiff demurred to the two pleas, first pleaded, and joined issue on the third. The Circuit Court sustained the demurrer. At the trial, the bill single, described in the declaration, was offered in evidence, without any proof of its execution, by George W. Stone. The defendant resisted its introduction, without such proof, as the declaration averred the bill single was executed, as well by George W. Stone, as by himself. The court overruled the objection, and the defendant excepted.

The errors assigned are, that the Circuit Court erred in sustaining the demurrer to the first and second pleas; in proceeding to trial on the issue of *non assumpsit,* and in admitting the bill single as evidence without proof of its execution by George W. Stone.

CHILTON, for the plaintiff in error.
WM. B. MARTIN, contra.

GOLDTHWAITE; J.—The reasoning of the court, in the case of Wade v. Killough, (3 S. & P. 431) is very adverse to the first plea pleaded by the defendant, and it would be a decisive authority, if the first were similar. In that case, the title was to be executed on the same day on which the note given for the

Stone v. Grover.

purchase money, was to be paid, and much stress is laid on the fact, that possession was given and retained by the purchaser. But here, the title was to be conveyed within a reasonable time after the contract of sale; while the purchase money was agreed to be paid at a day certain, which might be much beyond the period, at which the purchaser could have required the seller to convey the title; and the record gives no information respecting the possession; at least, none which can be used in the consideration of the first plea.

It is very questionable, whether any extrinsic circumstances can be resorted to, in the construction of a contract, where there is no ambiguity in the contract itself; however this may be in general, it is certain, that in this case, no aid can be drawn from such circumstances, as none are disclosed by the pleadings or proof. The plea insists, that the consideration of the single bill has entirely failed, from the omission and refusal of the plaintiff, to make a conveyance of the title within a reasonable period after the contract of purchase. It is not pretended, that a formal recision of the contract has taken place, unless such is the consequence of the breach of the plaintiff's stipulation.

2. We think it very clear, that a recision of the contract does not necessarily follow as a consequence, of its non performance, by either party. The record shows nothing more, than an omission and refusal by the plaintiff, to convey the title within a reasonable period; and for this breach of the contract, the defendant was entitled to his action at law; or, if authorized by the circumstances of the case, he could have prosecuted his bill in equity, to compel a specific performance, or to procure a recision of the contract.

3. The facts, disclosed by the plea, do not make the conveyance of title a condition precedent, to be performed before the payment of the money due by the single bill, could be rightfully demanded; because the time was *not fixed* when the conveyance was to be made, and therefore, the case is within the precise letter as well as the spirit of the rule laid down by Sergeant Williams, (1. Saunders, 220, note 4;) who says, (when

treating of the subject of dependent and independent conditions)
"if a day be appointed for the payment of money, or a part of
it, or for the doing of any other act, and the day is to happen,
or *may* happen before the thing, which is the consideration of
the money, or other act to be performed, an action may be
brought for the money, or for not doing such other act, *before*
performance: for it appears that the party relied upon his *remedy*,
and did not intend to make the performance a condition prece-
dent: and so it is when *no time* is fixed for the performance of
that which is the consideration of the money or other act." See
also Young v. Triplet, (5 Littell, 247.)

The facts disclosed by the plea, do not show a failure of the
consideration for which the bill single was given, and therefore,
there was no error in sustaining the demurrer to it.

4. The question raised by the second plea, is so entirely with-
in the decision of this court, in the case of Christian v. Scott,
(1. Stewart, 490) that we deem it unnecessary to examine it;
for if it is conceded, that the fraud is sufficiently alleged and
shown, it is now well settled, that the vendee will not be per-
mitted, at law, to set up this defence to an action for the pur-
chase money, so long as he retains possession of the lands sold.
We do not consider the case of Christian v. Scott, as conflicting
with the subsequent case of Wade v. Kellough, (3 S. & Porter,
431,) and Pitts v. Cottingham, (MSS. January Term, 1839.)

It may be remarked that neither of the cases cited, present
the question, whether a contract for the sale of lands can be
rescinded, without the aid of a court of equity, when the con-
veyance of title has been executed. It is, perhaps, unnecessary
to add, that the question is yet open, and cannot properly be de-
termined, until a case involving it, shall arise.

6. The defendant cannot be permitted, in accordance with the
course of decisions in this court, to complain that the issue of
*non assumpsit* was submitted to, and tried by the jury. This
error, if it be one, was caused by his own act, in pleading an
improper plea; and without the issue, the case would have been
undefended. The submission of the case to the jury, on this

issue, could not prejudice the defendant, and however irregular in practice such a plea may be, it affords no cause for reversal.

7. The objection to the admission of the bill single in evidence, without proof of its execution, by George W. Stone, the co-obligor, is unavailable; it is, in effect, an attempt to raise a question which could only be raised by the obligor himself, on a plea of *non est factum.* If the objection was allowed to prevail, we should hear of it in every suit, against more defendants than one, when the cause of action was a written instrument; each of the defendants would object, that it was not proved that the writing was shown to have been executed by his co-defendants, and the whole object of the statute would be defeated.

It is considered, that the effect of the statute which requires the plea of *non est factum* to be pleaded on oath, is to make the allegation of the execution of the instrument sued on, mere matter of description; and if the instrument produced, conforms to the description, no proof of execution is necessary, in the absence of the plea; and then only as to the defendant who has pleaded it. There is no error in the record, and the judgment is affirmed.