McRae v. Kennon.   ·

1. An acknowledgment made by the maker of a note, to one who had once held the note as endorsee, will enure to the benefit of the holder.

Error to the County Court of Tuscaloosa County.

THIS action was brought by the plaintiff in error, as the last endorsee against the defendant in error, as maker of a promissory note.

On the trial before the jury, the plaintiff introduced one Ful-ler, who had previously held the note as endorsee, and had en-dorsed it to the plaintiff, to prove an acknowledgment by the defendant of his liability on the note—which acknowledgment was made on the same day the suit was brought, and after the writ was executed, and moved the court to instruct the jury, that, if they believed, from the evidence, that the defendant acknowl-edged himself bound for the note to the witness, at the same time knowing that the plaintiff was the owner of the note, they must find for the plaintiff; which charge the court refused to give, but charged the jury that, if a promise or acknowledgment is made to the holder of endorsed paper, any party who after-wards takes it up, may avail himself of such promise or ac-knowledgment, and maintain an action against the party mak-ing it.

To the refusal to charge, and to the charge as given, the plain-tiff excepted, and now assigns for error.

PECK & CLARK, for plaintiff in error.
PORTER, contra.

ORMOND, J.—The charge asked for, should have been given by the court, as it is fully within the reason, if not the letter of the decision of this court, when the case was last here.

The acknowledgment supposed to be made by the defendant

in error, to the witness Fuller, who had once held the note by endorsement, must enure to, and is in effect, an acknowledgment in favor of, the plaintiff in error, who, by the endorsement of Fuller, had become invested with all the interest of Fuller in the note.

This very question was endeavored to be anticipated by this court, when the case was last here.   Thus it is said " it was not objected in the county court, that an acknowledgment made to Fuller would not enure to the defendant in error ; yet, as it is possible the question may be made upon another trial, it may be proper to remark that, if a promise or acknowledgment is made to the holder of endorsed paper, any party to it, who may afterwards take it up, may avail himself of such acknowledgment or promise, and maintain an action against the party making it."

The only difference between the facts here supposed, and the facts as they were shown to exist, at the last trial, is, that when the acknowledgment was made by the defendant to Fuller, he was not the actual holder of the paper.   But how can this affect the question—the admission was of the existence of a fact, which would have been evidence against him, if made to a stranger, and certainly can lose none of its force, by being made to one, to whom he might be responsible.   An acknowledgment of liability to pay the note, must be, to pay it to whoever is entitled to receive it.

It is to be lamented, that a case of such small importance as this, should have been productive of so much litigation—so much expense to the parties—vexation and delay.   Great as our desire is to avoid such consequences, we can go no further than to decide the precise question before us.   We cannot anticipate the future aspect of the case, and provide for it in advance.   We hope, however, that the case is now at rest.

Let the judgment of the court below be reversed, and the cause be remanded for another trial, in conformity with this, and the previous opinions expressed in this cause.