## MORRIS v. BOOTH AND WIFE.

1. A wife may join in a suit with her husband, upon a promise made to her whilst sole, or when she is the meritorious cause of action, and an express promise is made to her after marriage, because the action in these cases will survive to her. When the promise is made to her, it is proof that she is the meritorious cause.
2. When husband and wife join in action, upon a promise made to the wife, neither a debt due by the wife after marriage, a debt due by the husband alone, or a debt due by husband and wife jointly, can be pleaded as a set off.

Writ of Error to the Circuit Court of Barbour.

ASSUMPSIT by the defendants in error, on a promissory note made to the wife, by the plaintiff in error.

To a declaration in the usual form, in which the note is declared on as a note made to the wife, the defendant demurred, which being overruled, he pleaded the general issue. 2. A set off of a debt due by the wife after marriage. 3. A set off of a debt due by the husband. 4. A set off of a debt due by husband and wife jointly. These pleas of set off were demurred to, and the Court sustained the demurrers, and gave judgment for the plaintiffs. The assignments of error are, the overruling the demurrers to the declaration, and sustaining the demurrers to the pleas.

SHORTER, for plaintiff in error, cited Reeves Dom. Rel. 133, 163-4; Saund. P. & E. 2 vol. 789; 1 Term Rep. 621; Chitty on Con. 330; Chitty on Bills, 8.

BUFORD, contra, cited 2 M. & S. 393.

ORMOND, J.—As to the right of the wife to join her husband in the suit, the general rule is, that she may join when the cause of action would survive to her; as where the suit is upon a promise made to her whilst sole, or where she is the meritorious cause of the action, and there is an express promise made to her. In Philliskick v. Pluckwell, 2 M. & S. 393, it was held, that where a

promissory note was made to a married woman, she might be joined with her husband in an action upon it. The note itself being evidence of a consideration, and being made to her, was proof that she was the meritorious cause. This disposes of the demurrer to the declaration.

The question arising upon the pleas is one of more difficulty.

The first of these pleas, presents as a set off a legal impossibility —a debt secured by a contract, made by the wife, after her marriage. By the coverture, her legal existence is merged, and she can do no act which can operate as a contract to charge either her or her husband, unless in the latter case, when she is presumed to act as his agent.

The second plea is equally untenable. The reason why the husband may join his wife with him in the action, is, that if he dies before judgment, the right of action will survive to her, and this right might be defeated, if a set off against the husband alone could be pleaded. He might, if he had so elected, have brought the suit in his own name, and if he had done so, a set off against him would have been good, but a set off against his wife when sole, could not have been received, because, by bringing the suit in his own name, he had elected to treat it as his separate property, and therefore a set off not due in the same right, would be inadmissible. [Burrough v. Moss, 10 B. & C. 558.]

The principles here announced are decisive against the third plea. It is difficult to conceive of a joint debt, due from husband and wife, which could be enforced at common law. A joint promise by them, would in any conceivable case be void at law, as it regards the wife, and would in effect be the promise of the husband, which would be the same fact as is presented by the second plea, which we have seen would be inadmissible as a set off. The demurrers to all the pleas were therefore properly sustained, and the judgment must be affirmed.