## CASE AND ESLAVA v. P. AND C. BYRNE.

1. Upon a suit by husband and wife, on a note given to them jointly, for a debt created with the defendants, by the dealing of the wife with the consent of the husband, the defendants may set off an account, not included in the note, created in the same course of dealing.

Error to the Circuit Court of Mobile.

ASSUMPSIT by the defendants in error, on a promissory note.

The plaintiffs count upon a promissory note made to them by the defendants, in the usual form. The pleas are thus entered: "Defendants plead non-assumpsit, payment, and set-off, in short by consent." Signed by defendants' attorneys; and an entry by plaintiffs' attorney, "I consent to the above pleas in short."

The plaintiffs then demurred to the plea of set-off, and the demurrer was sustained by the court, and upon the trial of

the other issues, a verdict and judgment was rendered for the plaintiffs. Upon the trial, as appears from a bill of exceptions, the defendants proved that Catharine Byrne, one of the plaintiffs, was the wife of the plaintiff Patrick Byrne. That she had been trading with the defendants, in shrubs, plants and flowers, with the consent of her husband, and that he recognized her acts. That the note in suit was given in the course of these transactions, and that in the course of these dealings, she became indebted to the defendants in the sum of $227 30, which was not included in the note sued on. The defendants then offered to prove the account as a set-off to the plaintiffs' demand, but the court on the plaintiffs' motion rejected the evidence, and charged the jury, that the plaintiffs must recover the full amount of the note. To all which the defendants excepted, and which they now assign as error.

W. G. JONES, for the plaintiffs in error.

1. The plaintiffs in error were defendants below. They put in a general plea of set-off, which was taken in short by consent in writing of the plaintiffs' attorney. It was certainly error to sustain a *demurrer* to this plea, if any imaginable off-set was allowable in this case.

2. The declaration shows that the note sued on was made *to both* the plaintiffs, and the pleadings (which of course can alone be looked to on the demurrer) do not show that the plaintiffs were husband and wife. For aught that appears, they may have been partners in trade, and of course there might possibly be a good set-off against their claim.

3. The bill of exceptions shows that the plaintiffs were husband and wife; that the note was made payable to *both of them* jointly, and grew out of trading and sales by the wife, with the husband's assent. She was therefore her husband's agent. The property sold was his, and the consideration of the note moved from him. The account offered as an off-set was of precisely the same character, and ought to have been admitted. The decisions below were doubtless made on the authority of the case of Morris v. Booth and wife, 8 Ala. R. 907. But this case is essentially different from that; in this case, the note sued on was made to *both*

*husband* and wife; there it was to the wife alone. In this case, it was proved that the consideration for the note moved from the husband—it is like the case of Ferguson .v. Lathrop, 15 Wend. 625, where in a suit by husband and wife for rent belonging to the wife, a debt due from the husband to the defendant was held a good off-set.

DARGAN, contra.

ORMOND, J.—We do not consider the waiver of the plaintiffs' counsel, to extend further, than that he did not object to the pleas not being formally written out, and did not preclude him from raising the question by a demurrer, whether the pleas so indicated by their name, were good pleas in bar of the action, if formally pleaded. The demurrer was doubtless interposed upon the supposition, that the declaration disclosed the fact, that the plaintiffs were man and wife, and that therefore the plea of off-set could not be interposed to an action brought in their joint name. As the declaration did not disclose this fact, the demurrer, as now admitted in argument, was improperly sustained, even upon the concession, that a set-off could not in any case be pleaded, to an action commenced by husband and wife.

As the evidence of a set-off could only be introduced under a plea of set-off, the court having by its judgment excluded the plea, rightfully excluded also the evidence. But as it was in proof, that the plaintiffs were man and wife, and the question will be again presented when the cause comes on for trial again in the circuit court, we think it proper to express an opinion upon the evidence.

We can see no reason why the set-off in this case should not be allowed. The debt in suit, and the one offered to be set off, are both due in the same right, as they arise out of the same course of dealing. The wife can be considered in these transactions, in no other light than as the agent of the husband, and he is therefore responsible for her acts, and entitled to the benefit of her contracts. It can make no difference, that the promise of the defendants is to the husband and wife jointly. It is in law a promise to the husband, and he being responsible for the debt created by his wife to the

defendants, when acting by his consent, the debt sued on, and the one offered to be set off, are due in the same right, and may be set off, the one against the other.

Morris v. Booth and wife, 8 Ala. 907, was a suit by husband and wife on a promissory note, made to the wife after marriage. This was evidence that the consideration moved from her, or in the language of the books, that she was the meritorious cause of the action; and therefore, the husband might join her with him in the suit. The consequence of thus joining her in the suit was, that the cause of action would survive to her, and would not go to the personal representative, if the husband died pending the suit; and that therefore a set-off against the husband, which might defeat this right, would be improper. [Bedgood v. Way, 2 Black, 1236; Rose and wife v. Bowles and Read, 1 H. Black, 108; Buckley v. Collins, 1 Salk. 114; Philiskirk v. Pluckwell, 2 M. & S. 393; 1 Chitty P. 31.]

It is scarcely necessary to remark, that no judgment is expressed upon the sufficiency of the declaration, as in the present position of the case, no question arises upon it.

Judgment reversed and cause remanded.