Jordan's Adm'r v. Hubbard and Wife.

---

## JORDAN'S ADM'R *vs.* HUBBARD AND WIFE.

1. When the defendant pleads not guilty to an action (under the Code) on an open account for services rendered, and judgment is rendered against him on the verdict of the jury, he cannot avail himself of the mispleading on error.

2. Husband and wife may join, under the Code (§ 2131) as at common law, to recover upon a promise made to the wife for services rendered by her during coverture.

3. Section 2490 of the Code applies only to all partial payments, or attempts to avoid the statute of limitations by subsequent undertakings, made since the Code went into effect, but not to verbal promises made previous to that time.

4. In assumpsit by husband and wife, to recover on a promise to pay for services rendered by the wife to the defendant's intestate in his lifetime, it was shown that the intestate, on one occasion, went to defendant's house to get the latter to write his will, but did not find him at home; that on his return he met witness, and, after telling him the object of his visit, stated, 'that he was satisfied he would not live long, and never expected to see B. (defendant) again; that he wanted him (witness) to bear witness that he wished B. to pay Mrs H. (plaintiff's wife) $500 for the services she had rendered him': *Held*, that this admission was not in the nature of a testamentary bequest, but was a distinct acknowledgment of the services rendered by the wife, and a positive direction to the defendant to pay the specified sum in consideration of them, and was sufficient (before the adoption of the Code) to remove the bar of the statute of limitations.

5. When husband and wife sue jointly for services rendered by the wife during coverture, her admissions of payment cannot be received in evidence against them.

28

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. ANDREW B. MOORE.

THE facts appear at sufficient length in the opinion.

HENRY C. SEMPLE, for the appellant:

1. The suit, if maintainable at all, can only be maintained by the wife.—Code, § 2131.

2. The wife can only be joined with the husband, in actions for her services, where an express promise has been made to her.

3. The statute of limitations having completed its bar, a partial payment, or express promise in writing, is necessary to take the case out of the statute.—Code, § 2490.

4. The direction to Bestedor, through Woodward, to pay plaintiff's wife $500, was in the nature of a testamentary bequest, and did not amount to an acknowledgment of an existing indebtedness.

5. The exclusion of the evidence offered by the defendant, of Mrs. Hubbard's admissions of payment to her by the intestate, was clearly erroneous. The admission of the beneficial plaintiff, of a payment of the debt claimed, is the highest and best evidence of the fact.

WM. M. BROOKS, contra:

1. The charge given was correct. The wife rendered the services for which Jordan was indebted. She was the meritorious cause of action, and a direction by Jordan to a third person to pay her for the services, was equivalent to a promise to her.—Brashford v. Buckingham and Wife, Cro. Jac. 77, 205; Morris v. Booth, 8 Ala. 906.

2. There is no error in refusing the first charge asked. The court had already charged the law arising upon the facts of the case, and the charges and refusal to charge must be taken together; and the case stands as if the court, after refusing the charges, had added: "But if Jordan acknowledged an existing indebtedness to the wife, for services rendered by her, and directed her to be paid, that is equivalent to a promise to pay her," &c. Again: the charge prayed was well calculated to mislead, for it is not pretended that the promise was made directly to the wife.

3. The court did not err in refusing the second charge prayed. Jordan died in 1852, and the promise was made before the Code was in force ; therefore, neither a promise in writing, nor a partial payment, was essential to take the case out of the statute of limitations.

4. The third charge asked was correctly refused. · An acknowledgment of indebtedness by Jordan for services rendered by the wife, with directions or instructions to another to pay the debt for him, was sufficient. No express promise to her in person is required. It is sufficient, if the debtor admits that the wife is the meritorious cause of action, and instructs his agent to pay her the debt. That is equivalent to a promise to her.—St. John v. Garrow, 4 Por. 223.

5. But the defence set up was, "not guilty" and the "statute of limitations." "Not guilty" puts no allegation of the complaint in issue, and did not impose upon the plaintiffs below the duty of proving anything alleged. In order to have put in issue the making of the promise, a special pleading should have been interposed, denying that the intestate promised to pay the wife. In fine, whatever defence is designed to be relied upon, must be specially pleaded.—See Code. The plea of the statute of limitations admitted the cause of action as alleged, and relied upon the matter in avoidance. Under the issues joined, the defendant below was not entitled to the charges asked.—Shaw v. Yarborough, 3 Ala. 588.

6. The declarations of the wife were not admissible.—Perry v. Graham, 18 Ala. 826.

CHILTON, C. J.—Hubbard and wife sued Besteder, as administrator of Henry Jordan, to recover for services alleged to have been rendered by the wife for Henry Jordan, the intestate, in his lifetime, and pending the coverture of Mrs. Hubbard. No pleading, except the complaint, appears of record. In the bill of exceptions, however, it is recited, that the defendant pleaded *not guilty*, and the statute of limitations of three years.

The plea of "not guilty" may be a mistaken recital. No doubt the general issue was designed. Be this, however, as it may, such mispleading is not an error which could avail the party who commits the mistake.—Stone v. Gover, 1 Ala. 287,

The proof conduced to show, that the plaintiff, Mrs. Finnetta Hubbard, had, during her coverture with Wiley Hubbard, rendered services in waiting upon, nursing, and administering medicines to the defendant's intestate, for a period running back some twenty years ; and that, before his death, said Jordan said to divers persons, that he would provide for her in his will, if he ever made one. It was proved, that on one occasion the deceased went to the house of Besteder, the defendant, to get him to write his will ; that Besteder was not at home, and on his return, deceased met with one Woodward, and told him of his having gone to Besteder's, and the object of his visit,—that B. was not at home,—that he was satisfied he would not live long, and never expected to see Besteder again ; "and that he (deceased) wanted him (Woodward) to bear witness that he wanted Besteder to pay Mrs. Hubbard (one of the plaintiffs) five hundred dollars for the services she had rendered him." Neither of the plaintiffs was present at this conversation.

It was also proved by the daughter of the plaintiffs, that she had often heard said Jordan in his lifetime, but not in the presence of either of the plaintiffs, say that he wanted her mother to be paid three hundred dollars, after his death, for the services she had rendered him.

The deposition of the daughter was objected to, upon the ground that the certificate of the commissioner who took it did not conform to the requirements of the law ; but no specific objection is made, and we are unable to see any substantial ground of objection to the certificate.

The charge of the court, as based on the foregoing proof, was, " That if the jury believe that there was an acknowledgment of an existing indebtedness, within three years before the institution of this suit, on the part of said Jordan, for services rendered by the plaintiff Finnetta, and that he directed it to be paid to her, then what he said was equivalent to a promise to pay her, although not said in her presence ; which promise would take the case without the influence of the statute of limitations, and entitle the plaintiffs to a recovery." This charge was duly excepted to, and the defendant asked several charges, which were refused. The substance of these was—1st, that the subsequent promise, to be availa-

ble as an avoidance of the statute, must have been made to
Mrs. Hubbard in person or directly, for services performed
by her during the marriage ; 2d, that if the jury find there
was no subsequent promise to pay in writing, and no partial
payment made before the bar of the statute was complete,
then the plaintiffs could not recover.  The refusal of the court
to give these charges was also excepted to.

The counsel for the appellant objects to the charge, because
it concedes that husband and wife may join to recover upon
a promise made to the wife, for services rendered by her du-
ring the coverture.  He insists, that the Code gives the action
solely to the wife.  The right here accrued before the Code
went into effect; and as the law then stood, the husband and
wife could join, and if the husband died before recovery, the
right to prosecute the suit survived to the wife.  But concede
that the Code controls the remedy; the action is nevertheless
well brought.  The demand is not the separate property of
the wife.  She is the meritorious cause of the action, and the
promise was made to her ; but still, it is but the price of her
services, which belongs to her husband, upon his reducing the
same to possession, or electing to treat the same as his by cer-
tain acts of ownership or dominion over it.  Section 2131 of
the Code makes no change upon the common law, except in
so far as it provides for the maintenance of a suit for or
against a married woman, who must sue or be sued alone in
relation to her separate estate.  By the common law, this
suit was clearly maintainable by husband and wife.—Phillis-
kick v. Pluckwell, 2 M. & S. 393; Brashford v. Buckingham
and Wife, Cro. Jac. 77, in Excheq. ; S. C. in B. R., *ib.* 205;
Morris v. Booth and Wife, 8 Ala. 907.

But, it is argued, that the Code (§ 2490) requires that, in
order to avoid the bar of the statute, there must be a partial
payment made before the bar is complete, or an unconditional
promise in writing signed by the party to be charged.  So it
does in cases to which it applies ; but this section was not in-
tended to defeat or take away rights which had vested under
the previous law.  If, under the previous law, a verbal pro-
mise had renewed the demand, so that the obligation to pay
was a subsisting valid one, it would be gross injustice upon
the rights of parties to sweep them away by a subsequent

law requiring other and higher evidence of their validity.—
Whether, indeed, such a law would not violate the spirit of
the constitution, as impairing the obligations of the contract,
is a question we need not now decide. Certain it is, that
such retrospective operation is always dangerous,—is usually
regarded odious, and never indulged unless it is clear from
the statute itself that such was the design of the Legislature.
The general rule is, that laws existing at the time of the con-
tract, govern its *essence* and *extent ;* while those existing at
the time of seeking to enforce it govern the remedy. But it
is not competent to destroy the right, which is the essence of
a contract, under the pretext of regulating the remedy, nor to
deprive a party of all remedy, which is equivalent to a denial
of the right.—1 Bibb 569 ; 2 *ib.* 202.

In our opinion, section 2490 of the Code applies to all par-
tial payments, or attempts to avoid the statute of limitations
by subsequent undertakings, made since the 17th January,
1853, when the Code went into effect, but not to those made
previous to that time. Such was the decision of the Court of
King's Bench, in Gilmer v. Shuter, 2 Mod. 310 ; see, also,
Huffman v. Huffman, at the present term.

But it is further contended for the appellant, that the ad-
mission made by the intestate in this case was not of that
character which would remove the bar, and entitle the hus-
band and wife to their joint action—that it was testamen-
tary in its nature, amounting to a bequest, and not to an ad-
mission of an indebtedness. We do not think this position
tenable. The intestate desired Woodward to bear witness
that he wanted Besteder to pay Mrs. Hubbard five hundred
dollars, not as a bequest, nor as a gratuity, but in considera-
tion of or *"for"* the services she had rendered him. Here is
a distinct acknowledgment of services rendered by the wife,
and a positive direction or request that the defendant below
should pay five hundred dollars in consideration of them. An
acknowledgment of an indebtedness, and a present willing-
ness or liability to pay, is all the cases require to take the
demand without the bar of the statute (Crawford v. Chil-
dress, 1 Ala. 482 ; Townes & Nooe v. Fergusson, 20 *ib.* 147 ;
Ross v. Ross, *ib.* 106 ; Poole's Ex'r v. Relfe, 23 *ib.* 701) ; and
whether this acknowledgment be made to the creditor, or to

a third person, makes no difference—it is equally operative. St. John v. Garrow, 4 Por. 223; McRea v. Kennon, 1 Ala. 295.

The admissions of the wife, made since the suit was instituted, that she had received pay for the services, &c., were properly excluded. It is well settled, that where the husband sues for the wife's wages, the fact that she earned them does not authorize her to bind him by admissions of payment; nor can her declarations affect him, where he sues with her in her right, for in such cases the right sought to be enforced is his own, though it was acquired through her instrumentality. 1 Greenl. Ev., § 185; Hall v. Hall, 2 Str. 1094; Meredith v. Footner, 11 Mees. & W. 202; Perry v. Graham, 18 Ala. 822-26; 2 Phil. Ev., (C. & H. Notes,) p. 152, note 160.

We perceive no error in the several rulings of the court. Let the judgment be affirmed.