## SEMOICE'S ADM'R *vs.* SEMOICE.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *When final settlement may be made.*—If an administrator voluntarily appears before the probate court, and files his accounts and vouchers for a final settlement, he cannot be heard to complain, on error, that the settlement was had before the expiration of eighteen months from his appointment.
2. *Notice of settlement.*—If the distributees voluntarily appear on the final settlement of an estate, the administrator cannot complain, on error, of the want of notice to them.

APPEAL from the Probate Court of Monroe.

IN the matter of the final setlement and distribution of the estate of John Semoice, deceased. The record shows that, on the 9th March, 1857, Neill Smith was appointed administrator of said decedent's estate, and duly qualified under the order of the court; that on the 28th April, 1858, the said administrator voluntarily filed his accounts and vouchers for a final settlement, and the court appointed the 5th Monday in May for the settlement, and ordered publication to be made; and that on the 31st May, 1858, the following decree was rendered: "This day came Dr. Neill Smith, administrator of the estate of John Semoice, deceased,—the same having been appointed for a final

settlement of said estate; and the notice required by a previous order of court having been given, also came N. A. Agee, as attorney for the heirs of said deceased; and the account being examined, audited and stated, it appears that said administrator is chargeable with the sum of $1,163, and is entitled to a credit for the sum of $587 75, leaving a balance of $575 25 in his hands, to be distributed among the heirs of said deceased, as follows, to-wit: to Hetty Semoice, $191 75; to Vicey Semoice, $191 75; and to Betsey Semoice, $191 75; for which distributive shares execution may issue against said administrator, and which, being paid, will finally close said administration. It is ordered, therefore, that the preceding statement stand as the judgment and decree of this court, and that the account current, as stated, be recorded and filed." From this decree the administrator now appeals, and here assigns its rendition as error.

O. S. JEWETT, for appellant.

AGEE & POSEY, contra.

A. J. WALKER, C. J.—It appears from the record that the appellant voluntarily appeared before the probate court, and filed his accounts for a final settlement as administrator; and that the settlement was had upon his motion. He cannot now be heard to object that the settlement was had before the expiration of eighteen months from his appointment. If the court erred in prematurely proceeding to a settlement, it was at his instance, and in the absence of any objection from him; and such error he will not be heard to allege in this court.—Stone v. Gover, 1 Ala. 287; Jordan v. Hubbard, 26 Ala. 433; Edgar v. McArn, 22 Ala. 796; Furlow v. Merrill, 23 ib. 705.

[2.] The record recites, that the distributees voluntarily appeared on the final settlement. The object of the prescribed notice of a final settlement, is to bring in the distributees; and where they voluntarily appear, the administrator is certainly not prejudiced by the omission to give the notice. The notice is not designed to give the court jurisdiction over the subject-matter; and if it

be requisite to give jurisdiction over the person of the distributees, they may, by personal appearance, waive it.

We think the counsel for the appellant is mistaken, in supposing that the record does not show who were entitled to distribution of the estate: that is sufficiently shown in the decree of the court. The counsel is also mistaken, in supposing that the record does not show that the administrator's account was " examined, audited and stated."

We find no reversible error in the record, and the decree of the court below is affirmed.