Bachman *v.* Roller.

NATHAN W. BACHMAN *v.* MARTIN ROLLER.

BILLS AND NOTES. *Parol testimony. Statute of limitations. New promise to third party. Sufficient when.* The words, "Par Bank Notes," have a fixed signification in commercial parlance, which cannot be varied by parol testimony. Under a replication of a new promise to pay a debt barred by the statute of limitations, evidence of admissions or promises made to a stranger, is only admissible when it appears the debtor intended they should be communicated to the creditor.

FROM WASHINGTON.

Appeal from the Circuit Court.     J. A. McKINNEY, Judge.

INGERSOLL & ROBINSON for complainant.

HAYNES & VANCE for defendant.

SNEED, J., delivered the opinion of the court.

The action was upon a promissory note, executed 31st of January, 1860, by the defendant to the plaintiff, and due at one day, for two thousand seven hundred and ninety-one dollars and seventy-three cents, payable in "par bank notes." Underneath the note was written a memorandum by the holder in these words and without signature, "Samuel Bachman is bound in writing to pay the above in gold and silver. See obligation."

The suit was instituted on the 1st of April, 1872,

and two verdicts have been had for the plaintiff. Among the pleas originally filed were those of a tender and the statute of limitations of six years; but the former plea was abandoned and withdrawn, as appears of record, and the defense was rested on the statute of limitations, to which the plaintiff had filed the replication of a new promise, which issue was found in favor of the plaintiff, and judgment rendered accordingly.

In the view we take of the case, it is scarcely necessary to elaborate the discussion of all the questions presented in the argument. It was proposed on the part of the defendant to explain the memorandum written under the note, with a view to show that another party was bound for its payment. This, under the objections of the plaintiff, was very properly excluded. There was no plea in the files that justifies such an inquiry, nor upon the face of the paper or otherwise does it appear that the defendant's liability was in any degree dependent upon any collateral arrangement between the plaintiff and any third person. The defendant also, over the objections of the plaintiff, proposed to prove the meaning of the words, "par bank notes," as they were to be understood by the parties under a contemporaneous agreement between them. This testimony was also, as we think, very properly excluded. The words par bank notes have a distinctive technical meaning, and they must speak for themselves. They are, in commercial and financial parlance, used to denote a state of equality or equal value; an equality of actual with nominal value;

and being terms well understood in the law, it was the province of the court, if necessary, to explain their meaning to the jury, and not for the parties to do so unless they had, by the writing given to them, a different interpretation from that commonly accepted in the usages of commerce and trade. According to the written contract the note was to be paid by the then standard of value according to its nominal value in dollars, and the written terms of the contract could not be varied, altered or changed by any outside parol understanding between the parties. The court declined, upon request, to state to the jury that the defense of the statute of limitations was an honest and reputable one. We cannot see upon what principle such instructions could be demanded. All that the court was required to do was to instruct the jury that it was, if made out, a valid, complete and lawful defense to the action. With the moral aspect of the plea the court had nothing to do, and any instruction or statement of the private opinion of the judge as to its morality, would have been an irrelevant abstraction. These immaterial matters out of the way, we come to consider the main point of contention in argument here as in the court below; and that is, whether the plaintiff has made good his replication of a new promise by proof of such an acknowledgment of the debt as a subsisting obligation, and such a promise to pay, express or implied, as will obviate the bar of the statute. It is insisted on the part of defendant that if any such acknowledgment and new promise is established by the proof at all, it is upon

the testimony of third persons to whom the same was made, and not to the plaintiff or his agent. And there is much force and plausibility in the argument of the defendant's counsel, that if the theory of our adjudged cases be true, that such an acknowledgment, if it is to operate at all, must have the effect of creating a new contract founded on the old consideration; that such a contract must be a bilateral agreement between the parties themselves, and not between the defendant and a stranger. In accordance with this view the defendant's counsel requested the court to exclude all promises or acknowledgments made by the defendant to any other person than to the plaintiff himself or his attorney. This was refused, and promises and acknowledgments to divers persons other than the plaintiff or his agent were permitted to go to the jury. The effect of all our adjudged cases upon this subject is, that there must be an express promise to pay or an admission of an existing debt, which the debtor is willing to pay. *Hunter* v. *Starkes*, 8 Hum., 656; *Belot* v. *Wynne*, 7 Yer., 534; *Broddie* v. *Johnson*, 1 Sneed, 464; *Butler* v. *Winter*, 2 Swan, 91. But we are not aware that the precise question whether such a promise or acknowledgment to a stranger would answer the requirements of the law, has ever been directly adjudged from this bench. It does appear, however, that the question was incidentally adjudged in favor of the plaintiff's view in the case of *Thompson* v. *French*, 10 Yer., 457, where the testimony of a stranger to the record, having no agency or other privity with the plaintiff so far as the case discloses,

was permitted to testify as to a conversation with the defendant as to a promise and acknowledgment of a subsisting liability, which the court held conclusive of the case. Whether or not the question was presented and contested upon a like agreement as in this case, we are not advised. It was broadly held in many of the earlier cases on the subject, that such an acknowledgment was good whether made to a third person or to the plaintiff in the action. 5 Harrington, 380; 1 Ala., 225; 9 Wend., 897; 16 Wend., 477; 4 Wooster, 319; 21 Barb., 351; 4 Barb., 163; 6 Barb., 585; 4 Pick., 100; 16 Verm., 193; 1 Harris & Gill, 204; 7 Geo., 505; 4 Potter, 225. But many other cases qualify the doctrine. so as to make the sufficiency of the promise depend upon the fact whether the intention appears that the declaration to the stranger should be communicated to the creditor. *Wakeman* v. *Sherman,* 5 Selden, 85; 2 Story Eq., sec. 1521; *Collett* v. *Frayzer,* 3 Jones' Eq., 89; 26 Ala., 433. In the case of *Collett* v. *Frayzer,* it was held by the Supreme Court of North Carolina, that where a person, on his death-bed, said to a bystander that he owed a certain sum, which he named, as a balance for certain slaves which he had bought, and that he wished it paid, it was held a sufficient acknowledgment of the debt to take it out of the statute of limitations. 3 Jones' Eq., 80; 3 Batt. Dig., 420. This is consistent with the more modern rulings on the subject, as it was manifest that the debtor in that case wished and intended *the* declaration thus made *in extremis,* for the benefit of the creditor and to be communicated

to him. And it is said in the learned note to the case of *Whitcomb* v. *Whiting*, 1 Smith's Lead. Cas., 889, after an exhaustive review of all the authorities, that most of the cases in which an admission to one man has been held to take the case out of the statute in favor of another, will be found to rest on this ground, or on that of the existence of such a privity between the person to whom the declaration was addressed and the creditor, that what was said to the former, might fairly be presumed to have been meant to reach the ears and influence the course of the latter. *Mountstephen* v. *Brooke*, 3 B. & Ald., 141; *Clark* v. *Hougham*, 2 B. & G., 149; *Bloodgood* v. *Bruen*, 4 Selden, 362; *Evans* v. *Carey*, 29 Ala., 99.

We hold that this latter doctrine is the sounder and safer of the two, upon the principle that the new promise, after the remedy is barred, creates a new contract; and if it *is* a new contract, it follows as a logical sequence that it must be made between the parties in interest, and not between the defendant debtor and an utter stranger. The charge of the court on this point, and the admission of the testimony referred to, was erroneous.

Let the judgment be reversed and a new trial be awarded.