BLAKE & HART v. JAMES PARLEMAN.

Where the defendant, within six years, requested a third person to call on the plaintiffs and settle his account with them, saying at the same time that he thought he had paid them more than was due, and, afterwards, said to the same person that the plaintiffs' account was not settled;— *It was held* that these acknowledgments were sufficient to take the case out of the statute of limitations.

THIS was an action of book account. In the county court, judgment to account having been rendered, an auditor was appointed who reported as follows;—

'The last item in the plaintiff's account was charged in 'the usual course of business, on the 14th day of March A. 'D. 1831, since which time there have been no articles deliv-'ered, payments made, nor charges on book by either plain-'tiffs, or defendant. On the first day of June A. D. 1831, 'the defendant removed from this state to the state of New 'York, and continued to reside there until the month of June 'A. D. 1834, when he removed back to Vermont. During 'the time he was absent from this state, he had no known 'property within the state. The writ in this action was is-'sued, and dated on the 11th day of September A. D. 1839, 'and served upon the defendant the same day.

'In the winter of 1833, the defendant requested one Wil-'liams, his father-in-law, to call upon the plaintiffs and settle 'his, (defendant's) account with them, saying that he thought 'he had more than paid them. In pursuance of said request, 'the said Williams called at the plaintiffs' store and convers-

'ed with Hart, one of the plaintiffs, and made known the 'request of the defendant, but did not settle. Again, in the 'month of May 1834, in a conversation between the defen-'dant and said Williams, the defendant told him that the ac-'count, (meaning plaintiffs' account,) was not settled.

'If, from the facts found, the court should be of the opin-'ion, that the plaintiffs' account is not barred by the statute 'of limitations, the auditor finds that there is due from the 'defendant to the plaintiffs the sum of nine dollars and thirty 'cents, with five dollars and thirty eight cents interest there-'on, to balance book accounts between them; but if the 'court should be of the opinion that the plaintiffs' account is 'barred by the statute of limitations, then the auditor finds 'that there is nothing due from the defendant to the plain-'tiffs to balance book accounts between them.'

The county court accepted the report and rendered a judgment for the plaintiffs, and the defendant excepted to the decision.

*L. B. Peck* for defendant.

1. The act of 1832 does not affect this case. That act is prospective in its terms, and is only to be applied to those cases where the debtor has left the state subsequently to its passage.

2. The defendant's declaration in 1834, that the plaintiffs' account was not settled, is not sufficient to avoid the statute. This was not an admission that the account was due. It might be *unsettled,* and yet not a farthing due. The case does not fall within the rule settled by the adjudications in this state, that an unqualified admission that a debt is due, avoids the bar.

*O. H. Smith* for plaintiffs.

The act of November 9, 1832, provides that the statute shall not run against any cause of action during the absence of the debtor from this state. See revision of 1834, page 57. The defendant, therefore, cannot avail himself of any portion of the time he was absent, as no right had become vested by the previously existing laws.

The defendant's acknowledgment of an open, unsettled account between him and the plaintiffs, was sufficient to take

*Margin note:* WASHINGTON *March,* 1841.

Blake & Hart
v.
Parleman.

WASHINGTON, this case out of the statute. *Gailer* v. *Grinnel*, 2 Aik. R.
March, 349. *Barlow* v. *Bellamy*, 7 Vt. R. 51. *Lord* v. *Shaler*,
1841. 3 Conn. R. 131. *Olcott* v. *Scales*, 3 Vt. R. 173.

Blake & Hart The case is clearly within the equity of the act of 1832.
v.
Parleman.

The opinion of the court was delivered by

BENNETT, J.—In the case of *Phelps* v. *Stewart & Wood*,
12 Vt. R. 264, Royce J. lays down the rule, as extracted
from the recent decisions in this state, to be as follows ; to
take a demand out of the statute of limitations, " there must
be an acknowledgment of the debt as still due, with an ap-
parent willingness to remain liable for it, or, at least, without
an avowed intention to the contrary." In the case of *Sands*
v. *Gelston*, 15 John. R. 511, where this subject was much
considered, Chief Justice Spencer said, " that if, at the time
of the acknowledgment of the existence of the debt, such ac-
knowledgment is qualified, in a way to *repel the presumption
of a promise to pay*, it will not be evidence of a promise,
sufficient to revive the debt and take it out of the statute."
The principle to be deduced from these and other cases,
both English and American, is, that in addition to the admis-
sion of a present subsisting debt, there must be either an *ex-
press* promise to pay, or circumstances from which an *implied
promise* may fairly be presumed. Though the course of de-
cisions upon the statute of limitation has been vacillating,
and, in many instances, has proceeded upon principles cal-
culated to thwart the real object of the statute, yet, courts,
of late years, have manifested a disposition to retrace their
steps, to give to language its rational and obvious meaning,
and, as far as practicable, to bring back the doctrine to sober
and rational limits; and, to render the statute what it was
emphatically intended to be, " a statute of repose."

The auditor reports that in the winter of 1833, which was
less than six years before the commencement of the suit, the
defendant requested Williams to call upon the plaintiffs and
settle his, (defendant's) account with them, saying he thought
he had paid them more than was due ; that Williams called
accordingly, though he did not settle the account, and that
in May, 1834, the defendant again told Williams that the
plaintiffs' account was not settled. The evidence is most
ample to show an unqualified admission, on the part of the

defendant, of an unsettled account between the parties; and
the fact that the defendant wished Williams to settle it, im-
plies a promise to pay whatever balance should, upon such
settlement, be found due. It manifested not only a willing-
ness to remain liable for, but to pay, such balance. It is, in-
deed, far from showing "an avowed intention to the con-
trary." The defendant's saying to Williams, that "he
thought he had more than paid the plaintiffs," shows no un-
willingness to pay a balance, should one be found due. It
is simply an expression of matter of opinion as to the stand-
ing of the accounts. If, then, we are to understand the in-
structions given by the defendant to Williams, in their natural
and obvious sense, they may fairly be construed as a direct
admission of an unsettled account, and an implied promise
to pay the balance due, if any, and a waiver of any protec-
tion under the statute. It is settled that the acknowledg-
ment need not be made to the creditor himself, or even to
his agent or servant. *Peters* v. *Brown*, 4 Esp. R. 46.
*Clark* v. *Hougham*, 2 B. & C. 149. *Mountstephen* v.
*Brooke*, 3 B. & Al. 141. *Whitney* v. *Bigelow*, 4 Pick. 110.
In *Halliday* v. *Ward*, 3 Camp. Rep. 32, A. and B., being
joint and several promissors of a note, it was held a letter
from A. to B. requesting him to *settle* the demand, was suf-
ficient to take the case out of the statute.

As the court are clear that the plaintiffs are entiled to re-
cover on this ground, there can be no occasion to express
any opinion of what should be the construction of the statute
passed in 1832, relative to debtors who are absent from the
state.

The judgment of the county court is therefore affirmed.