Minkler *v.* Estate of Minkler.

---

PETER MINKLER *v.* ESTATE OF PETER MINKLER.

Where the plaintiff's claim was for services rendered to the testator, under a promise that he should be remembered by him in his will, it was held that an admission by the testator, within six years, made to a third person in the absence of the defendant, " that he had never let the plaintiff have much

25

of any thing,—that he had been a good, faithful man, and that he was going to settle with and pay him," was sufficient to take the plaintiff's claim out of the statute of limitations.

The decision of the county court, overruling a motion for a new trial, can not be revised upon a bill of exceptions in the supreme court.

APPEAL from the probate court. The plaintiff claimed, among other things, to recover an account for services rendered to the deceased in his life time. The auditors reported that the plaintiff, being an orphan, went to reside with the testator, who was his uncle, when twelve years of age, and resided there until April, 1823, when he was nineteen years of age. At that time, the plaintiff having expressed to the testator his determination to leave his employment, and being about to leave, the testator told him, that, if he would stay with him and work for him, he would pay him eight dollars per month for one year; to which the plaintiff agreed, and did work for the testator one year. Some time during that year the testator told the plaintiff, that if he would continue to live with, and labor for him after the expiration of that year, he would do by him as well, or better, than he could do elsewhere, and repeated the declaration a number of times. Relying upon this, the plaintiff labored for the testator three years and ten months after the expiration of the first year's service. During this period the testator frequently told the plaintiff he would do by him as well as by his own children, and the plaintiff made no charges on book against the testator, believing he should do far better to let the testator have his own way. Similar declarations were made by the testator subsequent to that time.

In the winter of 1837 the testator told the plaintiff that he had heard the plaintiff had an account against him, to which the plaintiff replied, "I have not, but you remember what you promised me, or what we talked." The testator replied that he did remember it. It further appeared, that, in the spring of 1838, the testator said to his wife, in the presence of the witness, but not in the presence of the plaintiff, that he had never let the plaintiff have much of any thing, that he had been a good faithful man, and that he was going to settle with and pay him. The conversation was interrupted by the entrance of some person into the room, and nothing more was said

upon the subject. The testator made no provision for the plaintiff in his will. The defendant objected to the plaintiff's claim, as being barred by the statute of limitations, but the auditors, from the facts reported by them, found a balance due to the plaintiff of $440.

Upon the filing of the report the defendant objected to its acceptance, on the ground that the auditors had not reported all the facts in relation to the plaintiff's claim for services, nor the defendant's ground of objection to the claim, although specially requested so to do. Affidavits were filed in support of this objection. He also moved for a new trial by the auditors, on the ground of surprise as to the evidence of the testator's conversation with his wife in 1838, and also on the ground of having, subsequent to the hearing before the auditors, discovered new and material testimony.

The county court overruled the motion for a new trial, and accepted the report, and rendered judgment thereon for the plaintiff. Exceptions by defendant.

*Smalley, Adams & Hoyt* for defendant.

1. The report should not have been accepted, for the auditors were requested to report specially all the facts proved by them, and have neglected to do so. *Mack* v. *Brush*, 5 Vt. 72. *Walsh* v. *Pierce*, 11 Vt. 32. *Woodbridge* v. *Propr. of Addison*, 6 Vt. 204. *Strong* v. *McConnell*, 5 Vt. 344. *McConnell* v. *Pike* 3 Vt. 595.

2. The plaintiff's claim is barred by the statute of limitations, and there was no evidence of an acknowledgment sufficient to take the case out of the statute. The broken and interrupted conversation of the testator with his wife, as detailed in the report, is too loose and vague to be evidence of an acknowledgment,—especially when taken in connection with the evidence that the plaintiff had declared to the testator, about a year previous to this conversation, that he had no account against him. An admission of a subsisting debt, to be sufficient to raise an implied promise to pay, and thus take the case out of the statute, must be unequivocal and unconditional, and have reference to some certain debt. It will be received in evidence for what it is worth, and for no more. *Bell* v. *Morrison*, 1 Pet. R. 351. *A'Court* v. *Cross*, 11 Eng. C. L. 124. *Tanner* v. *Smart*, 13 Ib. 273. *Pittam* v. *Foster*, 8 Ib. 67. *Kennett* v. *Milbank*, 21 Ib. 213. *Dickenson* v. *Hatfield*, 24 Ib. 204. When

Minkler *v*. Estate of Minkler.

the acknowledgment or admission is not of a specific sum, the plaintiff can only recover nominal damages. *Dickenson* v. *Hatfield*, 24 Eng. C. L. 204. *Cross* v. *Conner*, 14 Vt. 394. *Phelps* v. *Stewart*, 12 Vt. 256. *Whippy et al.* v. *Hillary*, 23 Eng. C. L. 103. *Routledge* v. *Ramsay*, 35 Ib. 379. *Linsell* v. *Bonsor*, 29 Ib. 319. *Robarts* v. *Robarts*, 14 Ib. 313. *Haydon* v. *Williams*, 20 Ib. 86. *Fearn* v. *Lewis*, 19 Ib. 98.

*Stevens & Seymour* for plaintiff.

1. The decision of the county court, respecting a new trial, cannot be re-examined here ; it is a matter upon which they have exercised their judicial discretion, and, although this court might have judged differently, yet they cannot review or re-examine that question. *Houghton* v. *Slack*, 10 Vt. 520.

2. The statute of limitations cannot bar the plaintiff's recovery. The acknowledgment of the testator, as detailed upon the report, is sufficient to entitle the plaintiff to recover. *Abbott* v. *Keith*, 11 Vt. 525. *Martin* v. *Wright*, 13 Wend. 460.

The opinion of the court was delivered by

BENNETT, J. The auditors have reported the facts found by them ; and whether the facts, which are found, are sufficient to take a case out of the statute of limitations has been held in this state to be a question of law.

The auditors report, that, in the spring of 1838, the testator said to his wife, " that he had never let the plaintiff have much of any thing ; that he had been a good, faithful man ; and that he was going *to settle with and pay him.*" It is well settled that, to take a case out of the statute, the admissions need not be made to the party himself, or to his agent, or in his presence. *Peters* v. *Brown*, 4 Esp. R. 46. *Clark* v. *Hougham*, 2 B. & C. 149, [9 E. C. L. 47.] *Oliver* v. *Gray*, 1 Har. & Gill. 204. *Whitney* v. *Bigelow*, 4 Pick. 110. The admission proved is full to show, in effect, that there was an unsettled account between the parties ; and a willingness to settle it, and pay the balance due. This has always been held sufficient to save the demand from the effect of the statute. In *Blake et al.* v. *Parleman*, 13 Vt. 574, admissions, not as direct as these, were held sufficient.

The decision of the county court upon the motion for a new trial is not the subject of revision in this court upon a bill of exceptions. This court sits as a court of error, and the granting or refusing a new trial rested in the discretion of the court below.  *Houghton* v. *Slack,* 10 Vt. 520.

The judgment of the county court is affirmed.