Williams v. Finney.

CHARLES K. WILLIAMS v. LEVI FINNEY.

The defendant's saying to the plaintiff's attorney, within six years before the commencement of the action, that the account ought to be settled, and that he would call on the plaintiff and settle it, and that he did not suppose there was much the plaintiff's due, was held a sufficient acknowledgment to take the account out of the statute of limitations.

When the operation of the statute is thus prevented by an acknowledgment, interest will be allowed upon the account, the same as though it had never been barred by the statute,—and that, too, although the plaintiff's account may have never been actually shown to the defendant, until the time the acknowledgment was made.

BOOK ACCOUNT. The plaintiff presented his account before the auditor, which consisted of charges only; the defendant presented no account, and relied upon the statute of limitations. The last item in the plaintiff's account was charged under date of July 2, 1821, and this action was commenced March 30, 1840.

The auditor reported that he found that the plaintiff had, by his attorney, called several times upon the defendant within six years before the commencement of this action, in reference to this account, and that the defendant told said attorney " that the account ought to be settled, that he would call on Judge Williams (the plaintiff) and settle it, and that he did not suppose there was much Judge Williams' due." He also reported that there was no evidence that the plaintiff's account had been exhibited to the defendant, until the said attorney called upon the defendant, as above stated.

The auditor decided that the acknowledgment was sufficient to take the case out of the statute of limitations, and reported that there was a balance due to the plaintiff of $52.95, on which he allowed to the plaintiff interest from the time the account ceased running, making the whole sum due $117.66.

The county court accepted the report of the auditor, and rendered judgment for the plaintiff; to which the defendant excepted.

*Foot & Everts* and *E. N. Briggs* for defendant.

1. The nature of the claim, the length of time it has been standing, and all the circumstances attending it, should be considered by
38

the court, in determining whether a *promise to pay* can be inferred from the conversation of the parties ; and, when a claim has been barred by the statute, nothing less than an express promise to pay, and that with full knowledge of the amount claimed to be due, should be held to take the case out of the statute. From the facts in this case no promise to pay can be presumed. 15 Wend. 284, 302. 3 Wend. 187, 7 Wend. 267. 11 Eng. C. L. 124. 13 Ib. 273. 12 Vt. 256. 14 Ib. 394.

The case of *Blake et al.* v. *Parleman,* 13 Vt. 574, is unlike the present. In that case the defendant, himself, without any solicitation on the part of the plaintiff, was desirous to have the account settled, for the purpose of obtaining the balance. In the present case the acknowledgment, such as it was, was extorted from the defendant by the ingenuity of the plaintiff's counsel.

2. Interest should not be allowed,—the account never having been rendered to the defendant. 1 Conn. 34. 2 Wend. 501. 7 Ib. 109. 6 Johns. 45. 12 Ib. 156. 3 Cow. 425. *Newell* v. *Ex'r of Keith,* 11 Vt. 214. If allowed at all, none should be allowed from the time the statute run upon the account to the time when the bar was removed by the acknowledgment,—the account, during that time, having been fully discharged by operation of law.

*C. L. Williams* for plaintiff.

1. The defendant's acknowledgment was sufficient to remove the bar created by the statute of limitations. *Barlow* v. *Bellamy,* 7 Vt. 54. *Phelps* v. *Stewart et al.,* 12 Vt. 256. *Blake et al.* v. *Parleman,* 13 Vt. 574.

2. Interest was properly allowed on the balance in the plaintiff's favor, from the time his services were fully rendered and the account between the parties stopped ; and that was all that was computed in this case. 1 Sw. Dig. 715. 1 Conn. 32. *Bates* v. *Starr,* 2 Vt. 536. *Raymond* v. *Isham,* 8 Vt. 258. *Catlin* v. *Aiken,* 5 Vt. 177. *Newell* v. *Ex'r of Keith,* 11 Vt. 214.

The opinion of the court was delivered by

Royce, J. It is needless to repeat the rules which this court has laid down upon the subject under consideration. Suffice it to say that we have no disposition to relax or vary them. The ques-

Williams *v.* Finney.

tion is, whether here was such a new promise in fact, or such an acknowledgement of the debt, as will defeat the operation of the statute.

It is found by the auditor's report, that, within the six years next preceding the commencement of this action, the defendant frequently stated to Mr. Ormsbee, the known agent and attorney of the plaintiff in reference to the demand now in suit, that the account ought to be settled, and that he would call on the plaintiff and settle it; adding that he did not suppose there was much due the plaintiff. Now if we construe these declarations in the sense most favorable to the defendant,—not as a promise to settle the account by actual payment, but merely to adjust it with the plaintiff and strike the balance, there was at least a promise to give a new cause of action for whatever was justly due. This could be nothing less than a recognition of the debt as still subsisting, and a waiver of all protection under the statute.

The decisions in this state have never required that the action should be brought upon the new promise, unless it goes to alter and restrict the original liability. And that could not be pretended in this instance, after a reasonable time had elapsed for the defendant to call and settle the account.

There appears to be no substantial ground for the objection in regard to interest. The defendant could have disavowed his liability for interest, as well as for the principal debt; or have protected himself in reference to either, by any limitations which he saw fit to claim. But since he promised, with no such qualification, to settle the account, it should be supposed that he intended a settlement in the usual manner, including interest on the balance, if required, according to the general usage in this state.

Judgment of county court affirmed.