### JESSE COOPER *v.* NATHAN PARKER.

*Book Account.    Statute of limitations.*

Where the defendant, within six years before the commencement of the action, in a conversation with the plaintiff, said " that the statute of limitations should make "no difference; that he and the plaintiff would look over their accounts, and what " was due, plaintiff should have;" *it was held* sufficient to take the case out of the statute.

Cooper *v.* Parker.

Book Account. Judgment to account was rendered in the County Court, and auditors were appointed, who reported substan tially the following facts:

That they found a balance of $208 12 due to the plaintiff, if the plaintiff's account was not barred by the statute. And upon this point, the auditors found and reported, that the plaintiff spoke to the defendant, within four or five years, in reference to his account, and claimed that defendant owed him, and said to defendant, that the statute of limitations would run upon the account; that defendant replied, "that the statute of limitations should make no differ-"ence; that he and the plaintiff would look over their accounts, "and what was due, plaintiff should have;" that at this time or soon after, defendant said he thought the plaintiff was owing him on book account.

That when plaintiff's writ was served, the defendant said, "he did not see why plaintiff sued him; if the sheriff would leave the property attached, with him, he would see plaintiff and they would settle; that he did not know but he should have to pay the plaintiff something; but did not think he honestly owed him any thing."

It was admitted by defendant, and the auditors found the fact, that the plaintiff called upon defendant for pay on his account, and defendant promised to call on plaintiff and settle with him, and said, if he owed plaintiff, he would pay him; but that defendant insisted to plaintiff, that he did not think he honestly owed him.

The County Court accepted the report, and rendered judgment thereon for the plaintiff to recover the amount found by the auditors and his costs.

Exceptions by defendant.

*W. M. Dickerman* for defendant.

The defendant saying "the statute of limitations should make no difference," does not renew the debt, nor prejudice his rights under the statute. *Carruth* v. *Paige,* 22 Vt. 179.

In the conversations reported by the auditors, defendant insisted that he did not owe the plaintiff, but that plaintiff owed him on book, which repels any presumption of "an acknowledgment of the debt as still due," or "an apparent willingness to remain liable

for it;" but he " avowed an intention to the contrary." *Phelps* v. *Stewart,* 12 Vt. 256. See *Sands* v. *Gelston,* 15 Johns. 511, cited by BENNETT, J., in *Blake* v. *Parleman,* 13 Vt. 576. Chitty on Cont. 716.

" To remove the bar of the statute of limitations, there must be either an *express promise* to pay, or circumstances, from which an implied promise may fairly be presumed. *Blake et al.,* v. *Parleman,* 13 Vt. 576. Chitty on Cont. 714, and cases cited, note 3.

*J. Cooper, per se.*

The defendant " thought he did not owe the plaintiff," but expressly said, " that he would settle the account, and if he *did* owe him, he would pay him." In this, he clearly evinced a willingness to remain liable for the amount of his actual indebtedness, to be ascertained upon settlement. *Williams* v. *Finney,* 16 Vt. 297. *Paddock* v. *Colby,* 18 Vt. 485. *Minkler* v. *Estate of Minkler,* 16 Vt. 193. *Phelps* v. *Stewart, et al.,* 12 Vt. 256. *Blake et al.,* v. *Parleman,* 13 Vt. 574. *Carruth* v. *Paige,* 22 Vt. 179.

The opinion of the court was delivered by

REDFIELD, CH. J. In this case, the only question is, whether the defendant's acknowledgments were sufficient to remove the bar of the statute of limitations, of plaintiff's account. The auditors not only report repeated admissions of the defendant, of the subsistence of an unsettled book account between the parties, which the defendant was willing to settle, which was all that existed in *Blake* v. *Parleman,* 13 Vt. 574; but in addition, that the defendant, before the time of the bar attaching, and when the plaintiff expressed apprehension on the subject, expressly promised the plaintiff, " that the statute of limitations should make no difference ; that he and the plaintiff would look over their accounts, and what was due, plaintiff should have."

Now this possesses all the requisite of a sufficient acknowledgment, to remove, or prevent the operation of the statute of limitations.

1. It admits an unsettled book account. 2. The defendant's willingness to settle it. 3. The determination to pay the balance due. 4. This was made under circumstances leading fairly to the conclusion, that the plaintiff was thereby induced to let the claim

rest, until *prima facie* barred by the statute. The case is stronger than any in our reports. *Williams* v. *Finney*, 16 Vt. 297, is far less satisfactory, and was held sufficient.

Under all these circumstances, it would be impossible to doubt, the finding is sufficient to remove the bar.

Judgment affirmed.