JOSEPH A. PRENTISS v. PARDON STEVENS.

*Statute of Limitations.*

Where it appeared in a book action that the defendant, a few days before the commencement of the suit, told the plaintiff that he would come up to his office and settle his account and pay him what he owed him, it was *held*, that the statute bar, as to that part of the account which had run for more than six years and was barred by the statute of limitations, was removed by this acknowledgement or promise.

In the absence of any proof or suggestion even that there were any other dealings between the parties to which the promise could have referred, than the account in question, it will be presumed that it applied to that account.

BOOK ACCOUNT. The account commenced running in July, 1852, and continued until August, 1859. The writ was dated February 13th, 1863, and the auditor, to whom the case was referred, finds that on the 5th day of February, 1863, the defendant told the plaintiff that " he would come up to his office and pay him what he owed him." The only question is whether this statement removed the statute bar as to that portion of the plaintiff's account that was then barred by the statute of limitations. The court at the September Term, 1864, PECK, J., presiding, decided that it did, and rendered judgment for the plaintiff,—to which the defendant excepted.

*Wing & Lund,* for the defendant, maintained, 1st, That a promise to call and settle an account of long standing, when no account is presented and no items talked over, will not take an account out of the statute of limitations ; the promise to pay must be of a sum certain or a sum that can be made certain by reference to some paper without the aid of a jury or arbitrators.

2d, That where there is no exception of merchants' accounts in the statute, and there are no payments or credits in six years, a payment or promise of payment does not take the accounts of more than six years out of the statute.

3d. That when the account has no credits in six years, and the account is part within six years and part without, a promise to call and settle and pay the balance due does not revive the account of more than six years standing, but the law will apply the promise to the account within six years, and interpret the meaning of the words to call and settle, to be, to call and settle and see for what

amount he is legally liable, and this statement removes no bar and raises no promise to pay any claims barred by any statute or rule of law.

The following cases are cited to show what promises, acknowledgements or statements, are sufficient to remove the statute bar, and what are not. *Hutchinson et al.* v. *Pratt, Adm'r*, 2 Vt. 146; *Chipman* v. *Bates*, 5 Vt. 143; *Abbott* v. *Keith, Adm'r*, 11 Vt. 525; *Hodge* v. *Manley*, 25 Vt. 210; *Kimball* v. *Estate of Baxter*, 27 Vt. 628; *Ayer* v. *Hawkins*, 19 Vt. 26; *Moore* v. *Stevens*, 33 Vt. 308; 22 Vt. 179; *Moore* v. *Hymen*, 13 Ired. (N. C.) 272; 8 *ib.* 309; *Hoyt* v. *Pendergast*, 14 Exch. 741; 6 Watts, 219; *Blair* v. *Drew*, 6 N. H. 235; *Gold* v. *Whitcomb*, 14 Pick. 188; *Benjamin* v. *Balch*, 5 Met. 216; 6 N. H. 367; 4 N. H. 315; 27 Penn. St. R. 378; 33 Mass. 41; *Perley* v. *Little*, 3 Greenl. 97; *Bell* v. *Morrison*, 1 Peters U. S. 351; 11 Gill & J. 212; 22 Penn. St. R. 308; 23 *ib.* 413. As to what dealing a promise applies, see 1 Gray, 600; *Buckingham* v. *Smith*, 23 Conn. —.

*Redfield & Gleason*, for the plaintiff.

The opinion of the court was delivered by

POLAND, Ch. J. The only question in this case is whether the defendant's promise or acknowledgement is sufficient to remove the bar of the statute of limitations, as to that portion of the plaintiff's account which accrued more than six years before the commencement of his action.

We should have been quite content to have affirmed the judgment below without any words on the case, but the great industry used by the defendant's counsel to make it appear that the judgment below was erroneous, seems to require that we should give the subject some examination.

The auditor reports that a few days before the commencement of the suit, the defendant told the plaintiff that he would come up to his office and settle his account and pay him what he owed him. The largest part of the plaintiff's account had then run more than six years, and was barred by the statute, and unless the statute bar was removed by this acknowledgement or promise he cannot recover it. It has been long settled in this state that an unequivocal acknowledgement of a debt as due and subsisting, is sufficient to remove the

bar of the statute ; that from such an acknowledgement the law will infer or imply a promise to pay, unless such acknowledgement be accompanied by some expression of disinclination or unwillingness to pay, which rebuts the inference or implication.

In the case of an account, it has repeatedly been decided in this state that an acknowledgement that such account is open and unadjusted, or a promise to settle and adjust it, will have the same effect, unless accompanied by language showing that the party was unwilling to pay the balance found due, if it should be against him.

In *Blake et al.* v. *Parleman*, 13 Vt. 574, the defendant requested a third person to call and settle the defendant's account with the plaintiffs, saying he thought he had more than paid them ; and on another occasion the defendant told the same person that the plaintiffs' account was not settled. The court unanimously held that this was a sufficient acknowledgement from which the law would infer a promise to pay the balance due on a settlement between the parties, as there was no unwillingness expressed by the defendant to pay such balance, if it should be found against him.

In *Williams* v. *Finney*, 16 Vt. 297, the defendant told the plaintiff's attorney, that the account ought to be settled, and that he would call on the plaintiff and settle it, that he did not suppose there was much due the plaintiff. This language was held sufficient to raise an implied promise to pay the balance due upon the account, and judgment was given for the plaintiff.

In *Minkler* v. *Estate of Minkler*, 16 Vt. 193, the testator said to his wife in the presence of a third person, that he had never let the plaintiff have much of any thing, that he had been a good faithful man and that he was going to settle with and pay him. This language was held sufficient to remove the statute bar.

In *Cooper* v. *Parker*, 25 Vt. 502, the auditor reported that the defendant promised to call on the plaintiff and settle with him, and said if he owed the plaintiff he would pay him, but the defendant insisted that he did not think he honestly owed the plaintiff. In this case too the plaintiff recovered, the defendant's admission that the account was unsettled, and his promise to pay the balance if found against him, being regarded as a sufficient new promise, notwithstanding his expression of opinion that nothing would be found due.

In view of these decisions, (all of which stand unshaken by any subsequent adjudication,) it seems impossible to hold that the defendant's promise or acknowledgement was not amply sufficient to remove the statute. There was not only a clear acknowledgement that the account was unsettled, which alone seems sufficient, but an express promise to pay what he owed him. It is said that this promise, instead of being applied to the whole account, should only apply to the items within six years. But this is doing violence to the clear meaning of the language ; its fair meaning is that he would pay the balance found due on a settlement of the whole account.

The defendant claims that this promise or acknowledgement should have no greater effect to revive that part of the account which had run more than six years, than if he had at that time made a general payment upon his account, which the plaintiff had credited to him. And we agree with the counsel that the effect of the two are precisely the same.

But it has been repeatedly decided that a payment or credit upon an account within six years, does have the effect to take the whole account out of the statute, upon the ground that such new credit is an acknowledgement of an unsettled account between the parties. *Hutchinson et al.* v. *Pratt*, 2 Vt. 146 ; *Chipman* v. *Bates*, 5 Vt. 143 ; *Strong* v. *McConnell*, ib. 338. It is claimed too that it does not sufficiently appear that the defendant's acknowledgement and promise refer to this account, that it might refer to something else. But the case is wholly bare of any proof, or any suggestion even, that there were any other dealings between the parties to which it could have reference, and until that appears, the only reasonable presumption is, that it applied to this account. Upon this point we have been referred to a great many cases from other states to show that the evidence ought to show the acknowledgement or new promise, was intended to apply to the debt in suit. We have examined some of those cases, and in substance they decide the same as was held by this court in *Kimball* v. *Baxter's Estate*, 27 Vt. 628, that when a person admits an indebtedness, or makes a promise, which may have reference to either, or all of several demands, or classes of demands, it must appear to which, or how many of them it was applicable, before it should have the effect of taking any of them out of the

statute of limitations. There seems no good ground on which to apply the doctrine of any of those cases to this. If it be true, (which we are not prepared to admit,) that in the courts of some of the other states greater strictness is held as to what is a sufficient new promise to revive a debt barred by the statute, than in this, we think it does not furnish a sufficient reason for departing from a long course of settled decisions in our own court, which have not to our knowledge been productive of any hardship or wrong, or caused any dissatisfaction, either among the people or the legal profession.

Judgment affirmed.