JOHN BREWIN AND BRIDGET BREWIN *v.* ESTATE OF P. FARRELL.

### *Statute of Limitations. Evidence. Practice.*

In an appeal from the disallowance of commissioners upon the estate of one F., the charge of the court to the jury, under a plea of the statute of limitations, that, in order to render a verdict for the plaintiff, they must find a distinct, unqualified acknowledgment, unaccompanied with any unwillingness on the part of F. to pay the plaintiff for the property specified within six years prior to the death of F., and prior to the 1st day of August, 1863, was *held* correct.

It is the province of the court to instruct the jury as to what inferences of fact they would be warranted in drawing from the evidence and facts proved, and, if the court should not err as to the kind and extent of such inferences, exception could not be sustained, even though the matter should be so plain as to render it needless to say anything about it to the jury.

The instructions in this case, bearing on the point, whether the acknowledgment testified to meant the claim specified by the plaintiff, *held* correct.

Parol evidence tending to show an acknowledgment by F. after the 1st of August, 1863, that he was owing the plaintiff, was properly received under instructions to the jury that it was not proper to be received for the purpose of showing a

new promise to avoid the operation of the statute of limitations, but was legitimate evidence to be considered in connection with the other evidence in the case as tending to show an original liability on the part of F. to the plaintiff.

Where evidence is proper and legitimate upon one point, but improper and impertinent upon another, the court should receive it and tell the jury the legitimate application and use to be made of it by them.

THIS was an appeal from the disallowance by the commissioners on Patrick Farrell's estate, of a claim presented by the plaintiffs against said estate. The plaintiffs claimed that there is due from the defendant two hundred dollars, with interest on the same since April, 1858., for one horse worth $100, and three cows worth $100., sold by the plaintiff Bridget Brewin, when she was sole and unmarried, to said Patrick in the spring of 1858, for the purpose of stocking Patrick's farm in Underhill, which indebtedness has never been paid by said Farrell. The defendant pleaded the general issue and the statute of limitations.

The plaintiffs' evidence tended to show that in the year 1858, and while the female plaintiff was sole and unmarried and resided in Burlington, where Farrell also resided, she had in her possession three cows and a horse; that the cows were worth $30. or $35. each, and the horse $90. or $100.; Farrell at that time stated to one of the witnesses that he had bought said property of the female plaintiff who was his sister, and that he intended to take it on to his farm in Underhill; that he, Farrell, soon after did take said property on to said farm, where it remained until some time in the year 1859, when Farrell sold said farm, at which time he sold said cows with the farm, and that said horse was exchanged for another horse, which last mentioned horse Farrell sold in 1861 for $80. or $85.

The plaintiff's evidence also tended to show that after said property had been taken on to Farrell's farm in Underhill, he said that he had bought it of his sister; and also that in 1859 Farrell applied to one ——— ——— for a loan of $200., saying that he desired to use it for the purpose of paying his sister, Bridget, for said property.

There was also other evidence in the case tending to show that Patrick Farrell at various times between 1858 and the time of his death, admitted that he was indebted to Bridget, and there was

nothing in the case tending to show that Farrell was ever indebted to Bridget for anything except said cows and horse. The above declarations and acknowledgments were not made directly to Bridget.

There was no evidence on the part of the defendant except evidence of an attempted settlement between Bridget and Farrell in 1861 or 1862, during which no mention was made of the property for which the plaintiffs claimed to recover in this case.

The defendant requested the court to charge the jury that to entitle the plaintiffs to recover, they must show a distinct liability on the part of the deceased for this particular property, and one which could have been enforced by suit.

The court charged the jury that to entitle the plaintiffs to recover they must find that Bridget sold said property to Farrell, but that it was not incumbent upon the plaintiffs to show how Bridget came by it; that if it was in her possession and she claimed it and Farrell bought it of her, the presumption was that it belonged to her, there being no testimony to the contrary, and the jury would be justified in so finding.

The court further told the jury that under the plea of the statute of limitations they must, in order to render a verdict for the plaintiffs, find a distinct, unqualified acknowledgment, unaccompanied with any unwillingness on the part of Farrell to pay the plaintiffs for this property within six years prior to Farrell's death, and prior to the 1st of August, 1863, and that as to such acknowledgments referring to this particular indebtedness or property, if he, Farrell, acknowledged after the property was so sold and went into his possession, that he was indebted to Bridget in a sum about equal to the value of said property, and there was no evidence in the case of any other indebtedness from Farrell to Bridget, it would be a fair inference of fact that such acknowledgment referred to this property.

The court also told the jury that any parol admissions made by Farrell since August 1st, 1863, in reference to the indebtedness to the plaintiffs for this property, would not take the case out of the statute of limitations and was not to be considered by the jury at all in that connection, although such admissions, if made, were proper to be considered by the jury in connection with the other evidence in

the case as tending to show an original liability on the part of Farrell to the plaintiffs. In other respects the charge was what the case called for.

To the charge as given the defendant excepted.

*L. B. Englesby,* for the defendant.

*H. H. Talcott* and *Jeremiah French,* for the plaintiffs.

The opinion of the court was delivered by

BARRETT, J. The evidence tended very strongly to show that Farrell bought of his sister, Mrs. Brewin, the three cows and one horse, for which she claims pay in this suit, and there was nothing in the case tending to show that he was ever indebted to her for anything except said cows and horse.

The questions arise under the general issue, and the plea of the statute of limitations. No question was made in the argument as to the charge touching the general issue.

In respect to the statute of limitations the court charged that the jury must find a distinct, unqualified acknowledgment, unaccompanied with any unwillingness on the part of Farrell to pay the plaintiff for this property, within six years prior to the death of said Farrell, and prior to the 1st day of August, 1863.

The proposition of law embodied in this instruction was, in substance, announced by Judge ROYCE in delivering the opinion of the court in *Phelps* v. *Stuart & Wood,* 12 Vt. 264, and it has been recognized and adopted as a formulary, expressing the true principle and rule, ever since. The efficacy of such acknowledgment rests in the fact, that, from such acknowledgment arises the implication of a promise to pay. If such implication is rebutted by anything accompanying the acknowledgment, of course it could not prevail. And this is the idea developed by Judge BENNETT in *Blake and Hart* v. *Parleman,* 13 Vt. 574.

As the evidence tended directly and forcibly to show that Farrell made such acknowledgment, without any qualification, the court was warranted in putting the proposition to the jury in the manner stated in the exceptions.

But it is claimed that the court erred in the instruction given, bearing on the point, whether the acknowledgment testified to meant this particular claim.

The evidence tended to show, and did show, so far as concurring testimony coming from several witnesses, with nothing to the contrary, could show, that Farrell was indebted for this particular property at the time he made said acknowledgments, and there was nothing in the case tending to show that he ever owed her for any thing else. The testimony did not show that, when he made the acknowledgment, he stated for what he was owing her. But it did tend to show that, in one instance of acknowledging that he was owing her, he wanted to borrow money to pay to her, about the sum which it was shown by other evidence he was to give her for the property in question. Upon this state of the evidence, it would seem not to require the learning or judicial logic of a judge to see that it would be a fair inference of fact, that such acknowledgment referred to his indebtedness for said property. It would seem to be an irresistible inference of fact that any sensible man could not avoid making, and that a jury would make whether the judge told them so or not. It is the province of the court to instruct the jury as to what inferences of fact they would be warranted in drawing from the evidence and facts proved; and, if the court should not err as to the kind and extent of such inferences, exception could not be sustained, even though the matter should be so plain as to render it needless to say any thing about it to the jury.

Evidence was given tending to show an acknowledgment by Farrell, after the 1st of August, 1863, that he was owing his sister. It is objected that the court erred in permitting the jury to consider that evidence for any purpose; and this, on the ground that the evidence was not proper under the plea of the statute of limitations. The court told them it was not proper to be considered for the purpose of showing a new promise to avoid the operation of the statute, but at the same time instructed them that it was legitimate evidence to be considered in connection with the other evidence in the case as tending to show an original liability on the part of said Farrell to the plaintiffs.

The plaintiffs, in order to make out their right to recover, had two things to prove, viz : 1st, the original debt unpaid. 2d, the new promise. If only the first point had been in issue, it would be conceded that the evidence was pertinent and proper. If the new promise made since the first of August, 1863, might be proved by parol, then it would have been pertinent and proper upon both points. But as a new promise by parol cannot, under the provisions of the General Statutes, operate to relieve a debt from the statute of limitations, it was not admissible upon that point, and the court so told the jury. No case or book has been cited to sustain the objection, and we know of none that could be. It seems difficult to assign a valid or plausible reason in the law, why a party should be deprived of important evidence, legitimate in its application to a material issue, because there is another material issue in the case to which it would be impertinent and improper. In such a conjunction the course is that which was taken by the court, to tell the jury the legitimate application and use to be made by them of the evidence. If the court had failed so to do, or had told them wrong in this respect, it would have been cause for exception.

The judgment is affirmed.