Hon. JAMES BARRETT,  
Hon. HOMER E. ROYCE, } Assistant Judges.  
Hon. TIMOTHY P. REDFIELD, )

---

### BLISS v. ALLARD.

*Practice.   Waiver.   Statute of Limitations.*

In book account, defendant defended before the auditor under the Statute of Limitations only. *Held*, a waiver of his right to thereafter object to the form of action.

To remove the bar of the Statute of Limitations, plaintiff introduced a letter from defendant, in which defendant said, "in regard to settlement," that he was "ready any day after that week," and "willing to leave it out to be settled," but that he thought it would be better "to settle it themselves," if they could; and that he did not see where plaintiff got his statement of what had been put upon the farm; and asked when plaintiff would "look the business over." *Held*, that the letter was an admission of the existence of an unsettled account, and an expression of willingness to settle it, unaccompanied by an expression of unwillingness to pay the balance that might be found due, and that it took the plaintiff's claim out of the statute.

Book Account.   The auditor reported that plaintiff let his farm to defendant for one year from April 1, 1863 upon shares ;

Bliss v. Allard.

that the lease was not in writing, but that it appeared that it was agreed, among other things not material to be stated, that the defendant was to " do all the work of running the farm ;" that defendant relied upon the Statute of Limitations as a defence, relative to which the only evidence introduced was a letter from defendant to plaintiff, dated September 5, 1870, which is sufficiently stated in the opinion, and upon which the plaintiff relied as an acknowledgment or promise within the statute ; that defendant claimed that in any event, he was entitled to an allowance of $30.45 for drawing hay, straw, and lumber onto the farm, for going after cheese boxes, and drawing cheese to the railroad to be shipped to market, and for going after cattle to be put upon the farm, for the reason that such was not a part of the proper work of running the farm ; that if said letter was not an acknowledgment or promise within the statute, there was nothing due from either party, but if said letter was such acknowledgment or promise, and if the work for which defendant claimed pay was a part of the proper work of running the farm, then there was $226.11 due plaintiff; and that if the letter was such acknowledgment or promise, and if the work for which defendant claimed pay was not a part of the proper farm work, then the sum due was $195.66.

The court, at the September Term, 1876, WHEELER, J., presiding, rendered judgment on the report for defendant ; to which plaintiff excepted.

*Charles F. Eddy*, for plaintiff.

The letter from defendant is a sufficient acknowledgment of an open account between the parties, and an expression of defendant's willingness to settle it, and remove, the statute bar. *Hunter* v. *Kittredge's Estate*, 41 Vt. 359.

*George M. Fuller*, for defendant.

The action should have been account. *Huxley* v. *Carman*, 46 Vt. 462 ; Gen. Sts., c. 41, s. 18.

Defendant's letter is not sufficient to take the case out of the statute. *Phelps* v. *Stewart & Wood*, 12 Vt. 256 ; *Carruth* v. *Page*,

22 Vt. 179; *Moon* v. *Stevens*, 33 Vt. 308; *Hunter* v. *Kittredge's Estate*, 41 Vt. 359.

The work for which defendant charged, was not the proper work of running the farm, and the sum charged should be allowed.

The opinion of the court was delivered by

ROYCE, J. It does not appear by the report of the auditor, that any defence was made on the trial before him except the Statute of Limitations. Hence, we infer that the defendant assented to the trial and adjudication by the auditor, of the claims growing out of the lease of the plaintiff's farm to him. This is to be treated as a waiver of any objection that might otherwise have been made to the adjudication of said claims on account of the form of action.

The evidence introduced by the plaintiff to take his claims out of the Statute of Limitations, was the letter written to him by the defendant on the 5th day of September, 1870. That letter, it appears, was written in answer to letters he had previously received from the plaintiff, and in it he says: "In regard to settlement, I am ready any day after this week, and I am willing to leave it out to be settled; still, if we could settle it ourselves, it would be better," and asks the plaintiff to write when he can or will look this business over. These expressions are unequivocal admissions of the existence of an unsettled account between the parties, and of his readiness and willingness to settle it, and this, by the decisions in *Blake & Hart* v. *Parleman*, 13 Vt. 574, and *Hunter* v. *Kittredge's Estate*, 41 Vt. 359, and the cases there cited, is sufficient to take the claims out of the Statute of Limitations, unless the admissions were accompanied with an unwillingness to pay the balance that might be found due on such settlement. In the letter above referred to, after saying that he was not disposed to wrong the plaintiff out of a cent, he says that he don't see where he gets his statement of what he put onto the farm; and states the amount that he and the plaintiff had each put onto the farm; from which it would appear that he had put on more than the plaintiff had. We do not think this language can be construed as the expression of an unwillingness to pay any

balance that might be found due from him on settlement. It is rather to be construed as the expression of his belief that upon the settlement of the matters connected with the lease of the farm, a balance would be found due him.

In *Blake & Hart* v. *Parleman*, the defendant requested one Williams to call upon the plaintiff and settle his account, saying that he had paid them more than was due; and it was held that the defendant's saying to Williams that he thought he had more than paid the plaintiffs, did not show an unwillingness to pay a balance, should one be found due. So that the legal effect of the letter as evidence was, to remove the statute bar; and judgment is reversed, and judgment on the report for the plaintiff for $195.66, and interest from the 12th of September, 1876.